IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  08-CR-0041-001-TCK |
| | ) | |
| CYNTHIA J. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court are Defendant's Motion Requesting Modification of Sentence for Release to Home Detention (Doc. 54) and Amended Motion Requesting Modification of Sentence for Release to Home Detention (Doc. 55) (collectively "Motion"), wherein Defendant requests modification of sentence for release to home detention.  The Government has filed a response (Doc. 60), objecting to Defendant's Motion.  On August 15, 2008,  Defendant entered a plea of guilty to Count Thirty-Two of a sixty-count Indictment, which charged Defendant with Preparation of False or Fraudulent Tax Return in violation of 26 U.S.C. § 7206(2).  On January 6, 2009, Defendant was sentenced to a twelve-month and one day imprisonment term and was ordered to report to the designated prison facility on February 19, 2009.  Defendant has a projected custody release date of January 2, 2010.

Defendant's Motion asserts two issues justifying her request.  First, Defendant argues that she does not have access to adequate medical care within the Bureau of Prisons ("BOP") and release to home confinement would allow her access to private medical care with no expense to the Government. Second, Defendant argues that pursuant to 18 U.S.C. § 3624(c), she became eligible for community confinement placement on June 2, 2009, and has been denied placement due to lack

of residential space; therefore, she requests release to home confinement pursuant to 18 U.S.C. § 3624(c)(2).

This Court does not have authority to consider Defendant's Motion. Once a sentence is imposed, it is final. A district court does not have inherent authority to modify a previously imposed sentence, but may only do so pursuant to statutory authorization. *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (holding that § 3582(c) permits modification of an imposed term of imprisonment *only where* a statute expressly provides for reduction of a previously imposed sentence). Defendant fails to cite to any authority permitting the Court to modify the sentence pursuant to 18 U.S.C. § 3582(c).

Further, pursuant to 18 U.S.C. § 3621, the BOP shall designate the place of the Defendant's imprisonment. At sentencing, the Court made a record of Defendant's medical conditions and recommended that the BOP evaluate Defendant for designation to a medical facility. The BOP was notified of Defendant's medical concerns and Defendant was subsequently placed at the Federal Prison Camp in Bryan, Texas, where Defendant has access to prison medical staff and adequate medical care. Additionally, the BOP's authority to designate the place of imprisonment extends through Defendant's pre-release placement. *See Brown v. Gross*, 85 F.3d 640 (10th Cir. 1996) (unpublished) (holding that under 18 U.S.C. § 3624(c) the BOP has discretion regarding where a prisoner is held in pre-release confinement and a prisoner has no right to release to home confinement); *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466 (10th Cir. 1992) (holding that nothing within 18 U.S.C. § 3624(c) indicates any intention to encroach upon the BOP's authority to decide where the prisoner may be confined during the pre-release period). The Court, therefore, has no authority to direct the BOP in its designation of Defendant's pre-release placement.

**IT IS THEREFORE ORDERED** that Defendant's Motion (Docs. 54 and 55) are DENIED.

**SO ORDERED this 19th day of August, 2009.**

_____
**TERENCE KERN**
**United States District Judge**